


AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ❒ Original ❒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
2021 Red Acura RDX, Washington License Plate: BWP2727, VIN: 5J8TC2H57ML014595, More Fully Described in Attachment A-4

Case No. MJ21-311 (4)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Western District of Washington *(identify the person or describe the property to be searched and give its location)*:

A Vehicle, more fully described in Attachment A-4, incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before June 9, 2021 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ❒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any U.S. Magistrate Judge in this District.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❒ for _____ days *(not to exceed 30)* ❒ until, the facts justifying, the later specific date of __________.

Date and time issued: 05/26/2021 11:00 am

*Judge's signature*

City and state: Seattle Washington

BRIAN A. TSUCHIDA, United States Magistrate Judge
*Printed name and title*

USAO No. 2020R00039

**ATTACHMENT A-4**

**Vehicle to Be Searched (SUBJECT VEHICLE)**

This warrant authorizes the search of a red, 2021, Acura RDX, bearing Washington license plate BWP2727; and VIN: 5J8TC2H57ML014595 and the **SUBJECT PREMISES**.







UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## List of Items to Be Seized

Evidence, fruits, and instrumentalities of violations of 21 U.S.C. § 841(a)(1) (Distribution of and Possession with Intent to Distribute Controlled Substances), involving TRI DUONG, as follows:

1. Controlled Substances: Including but not limited to methamphetamine, fentanyl, cocaine, crack cocaine, heroin, hashish, marijuana, MDMA, methadone, oxycodone, Oxycontin, Suboxone, Clonazepam, Alprazolam, Xanax, and Adderall;

2. Drug Paraphernalia: Items used, or to be used, to store, process, package, use, and/or distribute controlled substances, such as plastic bags, DVD cases, cutting agents, scales, measuring equipment, vials, pill presses, Mylar bags, heat/vacuum sealers, tape, duffel bags, chemicals or items used to test the purity and/or quality of controlled substances, and similar items;

3. Drug Transaction Records: Documents such as ledgers, receipts, notes, and similar items relating to the acquisition, transportation, and distribution of controlled substances;

4. Customer and Supplier Information: Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe" sheets with drug amounts and prices, maps or directions, and similar items;

5. Cash and Financial Records: Currency and financial records, including bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, vehicle documents, and similar items; and other records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, cashier's checks, and similar items, and money counters;

6. Photographs/Surveillance: Photographs, video tapes, digital cameras, surveillance cameras and associated hardware/storage devices, and similar items, depicting property occupants, friends and relatives of the property occupants, or suspected buyers or sellers of controlled substances, controlled substances or other contraband, weapons, and assets derived from the distribution of controlled substances;

7. Weapons: Including but not limited to firearms, magazines, ammunition, and body armor;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Codes: Evidence of codes used in the distribution of controlled substances, including passwords, code books, cypher or decryption keys, usernames and/or credentials for dark web marketplaces, and similar information;

9. Property Records: Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the purchase, ownership, rental, income, expenses, or control of the premises, and similar records of other property owned or rented;

10. Indicia of occupancy, residency, and/or ownership of assets including, utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, mortgage statements, and other documents;

11. Evidence of Storage Unit Rental or Access: Rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, passwords or other documents relating to storage units;

12. Evidence of Personal Property Ownership: Registration information, ownership documents, or other evidence of ownership of property including, but not limited to vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, and personal property; evidence of international or domestic travel, hotel/motel stays, and any other evidence of unexplained wealth;

13. Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:

a. Employment records: paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, dividends, stock certificates, and compensation to officers.

b. Savings accounts: statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.

c. Checking accounts: statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.

d. Loan Accounts: financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.

c. Collcction accounts: statcmcnts and othcr rccords.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f. Certificates of deposit: applications, purchase documents, and statements of accounts.

g. Credit card accounts: credit cards, monthly statements, and receipts of use.

h. Receipts and records related to gambling wins and losses, or any other contest winnings.

i. Insurance: policies, statements, bills, and claim-related documents.

j. Financial records: profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made, both business and personal, receipts showing charitable contributions, and income and expense ledgers.

14. All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money;

15. All Western Union and/or Money Gram documents and other documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other negotiable interests that can be purchased with cash, to include applications, payment records, money orders, frequent customer cards, etc;

16. Negotiable instruments, jewelry, precious metals, financial instruments, and other negotiable instruments;

17. Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency;

18. Correspondence, papers, records, and any other items showing employment or lack of cmployment;

19. Telephone books, and/or address books, facsimile machines, any papers reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists. Also, telephone answering devices that record telephone conversations and the tapes therein for messages left for or by co-



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds;

20. Safes and locked storage containers, and the contents thereof which are otherwise described in this document;

21. Tools: Tools that may be used to open hidden compartments in vehicles, paint, bonding agents, magnets, or other items that may be used to open/close said compartments;

22. Any and all mailing documents and packaging materials related to U.S. Postal Service, UPS, and FedEx, including but not limited to USPS Express Mail labels, express mail and priority envelopes, first class mailings, receipts for USPS packages, and tracking information;

23. Any records or information pertaining to the dark web and dark web marketplaces, including the Empire Market, Deep Sea Market, and White House Market;

24. Any records or information pertaining to darknet monikers;

25. Cryptocurrency applications and wallets, including information regarding current account balance and transaction history, i.e., date, time, amount, an address of the sender/recipient of a cryptocurrency transaction maintained in such wallets;

26. Any records or information reflecting cryptocurrencies, including web history, and documents showing the location, source, and timing of acquisition of any cryptocurrencies, including wallets, wallet addresses, and seed phrases;

27. Any and all cryptocurrency, to include the following: (a) any and all representations of cryptocurrency public keys or addresses, whether in electronic or physical format; (b) any and all representations of cryptocurrency private keys, whether in electronic or physical format; and (c) any and all representations of cryptocurrency wallets or their constitutive parts, whether in electronic or physical format, to include "recovery seeds" and "root keys" which may be used to regenerate a wallet.

a. The United States is authorized to seize any and all cryptocurrency by transferring the full account balance in each wallet to a public cryptocurrency address controlled by the United States.

b. The United States is also authorized to use the above-described recovery seeds and root keys to reconstitute and/or regenerate any associated



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

cryptocurrency wallet and to seize any and all cryptocurrency stored in, or accessible via, such wallet by transferring the full account balance to a public cryptocurrency address controlled by the United States;

28. Cell Phones: Cellular telephones and other communications devices may be seized, and searched for the following items:

a. Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

b. Stored list of recent received, sent, and missed calls;

c. Stored contact information;

d. Stored photographs of narcotics, currency, firearms or other weapons, evidence of suspected criminal activity, and/or the user of the phone and/or co-conspirators, including any embedded GPS data associated with these photographs;

e. Stored text messages, as well as any messages in any internet messaging apps, including but not limited to Facebook Messenger, iMessage, Wickr, Telegram, Signal, WhatsApp, Kik, and similar messaging applications, related to the aforementioned crimes of investigation or that may show the user of the phone and/or co-conspirators, including Apple iMessages, Blackberry Messenger messages or other similar messaging services where the data is stored on the telephone;

f. Any Tor applications and records for Tor activity, including browser history and "bookmarked" or "favorite" web pages;

g. Digital currency applications and wallets, to include information regarding current account balance and transaction history, i.e., date, time, amount, an address of the sender/recipient of a digital currency transaction maintained in such wallets;

h. Stored documents, notes, and files that contain passwords/or encryption keys;

i. PGP applications, to include stored private and/or public keys;

j. Any records or information related to darknet monikers; and

29. Digital devices, such as computers, and other electronic storage media, such as USBs and Trezor devices, may be seized, and searched for the following items:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. Evidence of who used, owned, or controlled the digital device or other electronic storage media at the time the things described in this warrant were created, edited, deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chats," instant messaging logs, photographs, and correspondence;

b. Evidence of software that would allow others to control the digital device or other electronic storage media, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. Evidence of the lack of such malicious software;

d. Evidence of the attachment to the digital device of other storage devices or similar containers for electronic evidence;

e. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the digital device or other electronic storage media;

f. Evidence of the times the digital device or other electronic storage media was used;

g. Passwords, encryption keys, and other access devices that may be necessary to access the digital device or other electronic storage media;

h. Contextual information necessary to understand the evidence described in this attachment;

i. Records or information pertaining to the dark web and dark web marketplaces, including the Empire Market.

j. Any records or information pertaining to darknet monikers;

k. Any records or information pertaining to Tor;

l. Any records or information pertaining to mnemonic phrases;

m. Any records or information reflecting cryptocurrencies, including web history, and documents showing the location, source, and timing of acquisition of any cryptocurrencies, to include wallets, wallet addresses, and seed phrases; and



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

n. Any records or information pertaining to PGP applications, to include private and/or public keys.

THE SEIZURE OF DIGITAL DEVICES IS AUTHORIZED FOR THE PURPOSE OF CONDUCTING OFF-SITE EXAMINATION OF THEIR CONTENTS FOR EVIDENCE, INSTRUMENTALITIES, OR FRUITS OF THE AFOREMENTIONED CRIMES.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| --- | --- | --- |
| MJ21- 311 | 5/27/2021 2:18 PM | IN VEHICLE BWP 2727 |

Inventory made in the presence of :
TODD SALTER

Inventory of the property taken and name(s) of any person(s) seized:

1.) TWO PRIORITY BOXES
2.) TWO SELF-SEALING POLY BUBBLE MAILER
3.) FOUR PRIORITY MAILING ENVELOPES (THREE OF FOUR CONTAIN OTHER PACKAGING MATERIAL
4.) SILVER IN COLOR Bracelet in SWAROVSKI BOX
5.) BLACK INSULATED BAG
6.) USPS MAIL TUB
7.) $13, 500 USD

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 5/27/2021

[signature]
*Executing officer's signature*

TERRY D. STINSON, POSTAL INSPECTOR
*Printed name and title*

[signature] Skate Vaughan